The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>CLAIR R. COUTURIER, JR., an individual,<br><br>Respondent. | Case No. MC08-5052-RBL<br><br>**ORDER REGARDING PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS** |

The Court having considered the Secretary's Petition to Enforce Administrative Subpoenas and the parties' subsequent submissions and argument in relation thereto, the Court hereby ORDERS:

**Subpoena Duces Tecum**

1. By October 17, 2008, Respondent shall provide to the Petitioner a written response to the Secretary's Subpoena Duces Tecum and responsive documents in Respondent's possession or control along with an executed Certificate of Compliance in the form attached to the Subpoena Duces Tecum, subject to the following limitations:

    (a) Respondent's W2's and 1099's for 2001 to present relating to compensation from TEOHC shall be produced by October 31, 2008.

(b) Production of Respondent's tax returns and schedules thereto shall not be required at this time.

(c) Production of documents previously produced in response to the Petitioner's March 2006 and June 2006 document requests shall not be required, nor shall an itemized list of such documents be required.

(d) In response to Request number 5 in the Petitioner's Subpoena Duces Tecum, only the following documents in Respondent's possession or control shall be produced by the Respondent at this time:

(1) Documents relating to the release of TEOHC shares to Respondent's Pensco IRA account.

(2) Documents relating to the repurchase of TEOHC shares from Respondent's Pensco IRA account.

(3) Documents relating to any other property held in the Pensco IRA account that was conveyed to TEOHC as part of the consideration for the $26 million payment ("Payment").

(4) To the extent the Payment is no longer in the Pensco IRA account, Respondent shall disclose to the Petitioner the identity of the investment firm(s) and investment manager(s) to which the Payment was first transferred. To the extent the Payment remains in Respondent's Pensco IRA account, Respondent shall disclose the identity of the investment manager(s) by which the Payment was first managed.

  (5) By October 10, 2008, Respondent may file a motion for a protective order preventing the disclosure of any documents and/or information provided to the Petitioner under Paragraph 1(d) of this Order. Petitioner's response to any motion filed under this Paragraph shall be due by October 14, 2008.

2. (a) By October 17, 2008, Respondent shall produce to the Petitioner indices of documents produced in *Johnson, et al. v. Couturier, et al.*, U.S. District Court, E.D. Cal. Case No. 2:05-cv-02046 ("Johnson Litigation").

 (b) The Petitioner will review the indices to determine which documents have not been previously produced to the Petitioner and if Petitioner requests production of those documents, Respondent shall produce those documents within fourteen days of the Petitioner's request

### **Subpoena Ad Testificandum**

3. Respondent shall appear and provide testimony pursuant to the Petitioner's Subpoena Ad Testificandum subject to reasonable limitations. Respondent, at his option, may provide to the Petitioner information in support of his request for such limitations by October 17, 2008. If Respondent does not provide such information by that date, then the Petitioner shall take Respondent's testimony on a mutually agreeable date, not later than November 7, 2008.

4. Information disclosed by the Respondent in support of his request for reasonable limitations on the taking of his testimony shall not be disclosed by the Petitioner to any third parties except upon Respondent's prior written consent, or further order of the Court.

5. Petitioner reserves her right to issue further document requests to the Respondent. Respondent reserves his right to object to any such requests. In the event of a dispute with respect to any such further requests or any aspect of this Order, the parties will promptly seek the assistance of the Court.

6. Nothing in this Order shall be deemed to affect any orders or proceedings in the Johnson Litigation.

DATED this 7th day of October, 2008.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE